FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY NELSON-LLOYD, and CHRISTOPHER LLOYD,<br><br>    Plaintiffs,<br><br>    v.<br><br>AUTO CLUB MAPFRE INSURANCE COMPANY,<br><br>    Defendant. | No. 2:25-CV-00188-SAB<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND STIPULATED MOTION FOR PROTECTIVE ORDER** |

Before the Court are the parties' Stipulated Motion for Protective Order, ECF No. 15, and Defendant's Motion for Protective Order, ECF No. 16. Plaintiffs are represented by Isaac Castaneda, Isaac Ruiz, and Kathryn M. Knudsen. Defendant is represented by Dylan R. Knapp and Rory W. Leid, III. The motions were considered without oral argument.

### **Parties' Stipulated Motion for Protective Order**

The parties ask the Court to sign a Protective Order that was drafted and agreed to by the parties. It is this Court's practice to not enter general Protective Orders that simply set forth the parties' agreements for handling "confidential" materials.

The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND STIPULATED MOTION FOR PROTECTIVE ORDER * 1**

breach; however, the Court will not be party to such an agreement. If, in the future, the parties wish to file specific items of discovery in the court record and protect such items from public access, the Court will entertain an application for a narrowly tailored protective order.

### Defendant's Motion for Protective Order

Defendant moves the Court to enter a Protective Order regarding (1) Defendant's employee personnel files, (2) Defendant's claims department financial metrics, and (3) Defendant's post-litigation claims file materials. Defendant argues these materials are irrelevant to Plaintiffs' claims and should be protected from disclosure. Defendant further asserts protections over the post-litigation claims file materials under the work-product doctrine and the attorney-client privilege.

Plaintiffs assert these materials are relevant to their claims of breach of contract, bad faith claims handling, negligence, and violations of the Consumer Protection Act and Insurance Fair Conduct Act.

First, regarding the employee personnel files, Plaintiffs argue materials relevant to employee training, performance reviews, discipline, and compensation for employees working on a claim are directly related to claims for negligent claims handling and bad faith. Second, regarding the claims department financial metrics, Plaintiffs argue insurers are required to give equal consideration to the insured's interests as its own, and evidence of claim department metrics, financial performance, and adjuster incentive programs are relevant to determining if an insurer prioritized its own interests over the interests of its insureds. Lastly, regarding the post-litigation claims file materials, Plaintiffs argue documents created during the routine investigation of insurance claims are not subject to protections under the work product doctrine and the attorney-client privilege. Further, Plaintiff filed this claim on May 5, 2025, Defendants are withholding all materials created post-February 25, 2025, and Plaintiff is seeking materials produced between those two dates, which Plaintiff argues are not subject to

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND STIPULATED MOTION FOR PROTECTIVE ORDER \* 2**

heightened protections.

### 1. Standard

Under Fed. R. Civ. P. 26(b), parties may obtain nonprivileged materials that are relevant and proportional to a party's case. Any discovery must be balanced against the importance of the issues, the amount in controversy, the parties' relative access to relevant information, resources, the importance of the evidence in resolving the issues, and whether the burden of producing such discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A party moving for a protective order must establish that good cause exists to grant such an order, and that specific harm or prejudice will occur in the absence of a protective order. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Courts must weigh the factors in favor of granting a protective order against the public's interest in disclosure of materials relevant to litigation. *Id*. at 425.

### 2. Analysis

Plaintiff has established the materials sought are relevant and proportional to the claims at issue in the above-captioned matter. Defendant's assertions of attorney-client privilege and work-product protections are irrelevant as Plaintiff is not seeking materials created after this lawsuit was filed, only materials created in the routine practice of insurance claims handling. As such, Defendant has failed to show the burden of production outweighs the benefits of disclosure and its Motion for Protective Order is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Protective Order, ECF No. 15, is **DENIED**.

//
//
//

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND STIPULATED MOTION FOR PROTECTIVE ORDER * 3**

2. Defendant's Motion for Protective Order, ECF No. 16, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 21st day of January 2026.



Stan Bastian
Chief United States District Judge

ORDER DENYING MOTION FOR PROTECTIVE ORDER AND STIPULATED MOTION FOR PROTECTIVE ORDER \* 4