FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY NELSON-LLOYD, and CHRISTOPHER LLOYD,<br><br>      Plaintiffs,<br><br>      v.<br><br>AUTO CLUB MAPFRE INSURANCE COMPANY,<br><br>      Defendant. | No. 2:25-CV-00188-SAB<br><br>**ORDER RE: MOTIONS TO COMPEL, MOTION TO EXTEND PRETRIAL DEADLINES, AND MOTION FOR RECONSIDERATION** |

Before the Court are Plaintiff's Motion to Compel, ECF No. 21, Defendant's Motion to Compel Appraisal, ECF No. 22, the parties' Stipulated Motion to Extend Pretrial Deadlines, ECF No. 31, and Plaintiff's Motion for Reconsideration, ECF No. 34. Plaintiffs are represented by Isaac Castaneda, Isaac Ruiz, and Kathryn M. Knudsen. Defendant is represented by Dylan R. Knapp and Rory W. Leid, III. The Motions were considered without oral argument.

## Background

In 2024, a fire occurred at Plaintiffs' home. Plaintiffs had an insurance policy through Defendant. After the fire, the parties disagreed over the extent of the insurance policy coverage. Plaintiffs submitted an Insurance Fair Conduct Act notice on February 25, 2025, and filed this lawsuit against Defendant on May 5,

**ORDER RE: MOTIONS TO COMPEL, MOTION TO EXTEND PRETRIAL DEADLINES, AND MOTION FOR RECONSIDERATION \* 1**

2025, making claims for breach of contract, bad faith, negligent claims handling, and Consumer Protection Act violations. The case was removed to this Court on June 3, 2025.

**1.    PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR RECONSIDERATION (ECF NOS. 21 AND 34)**

Plaintiffs request the Court enter an Order compelling Defendant to provide its employee personnel files, claims department financial metrics, and post-litigation claims file materials. This Court previously denied Defendant's Motion for Protective Order regarding these materials, noting that the requests were relevant and proportionate to the claims in this matter, ECF No. 25. As such, Plaintiff's Motion to Compel is granted.

Regarding the Court's Order Denying Defendant's Motion for Protective Order, ECF No. 25, Plaintiff requests clarification on whether the Order applied to the complete claims file, including all claims-handling materials created both before and after the filing of this lawsuit through the present. Upon review of the Order and relevant Motions, the Court notes the inclusion of the temporal limitation, "Plaintiff is not seeking materials created" between February 25, 2025, and May 5, 2025, was incorrect. Discovery of all claims handling activity, regardless of timing, is permitted in insurance bad-faith litigation. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 696 (2013). As such, Defendant is directed to provide the entire claims file as requested in Plaintiff's Motion to Compel, ECF No. 21.

**2.    DEFENDANT'S MOTION TO COMPEL APPRAISAL (ECF NO. 22)**

Defendant requests the Court enter an Order directing Plaintiffs to engage in the appraisal process outlined in Plaintiff's insurance policy. Defendant has previously requested Plaintiffs engage in the appraisal process, which Plaintiffs denied. In their response to the Motion, Plaintiffs assert appraisal is not appropriate

**ORDER RE: MOTIONS TO COMPEL, MOTION TO EXTEND PRETRIAL DEADLINES, AND MOTION FOR RECONSIDERATION * 2**

as they have already engaged in repairs to their home, and appraisal at this stage runs the risk of delaying resolution, unjustifiable speculation, and prejudice to Plaintiffs.

The enforcement of appraisal provisions in insurance contracts is warranted when appraisal provides a pathway to a simple, inexpensive, and speedy determination of the extent of the loss. *Keesling v. W. Fire Ins. Co.*, 10 Wn. App. 841, 845 (1974). Although instigation of litigation does not bar a party from requesting appraisal, the timing and justification of delay is relevant. *Id*. at 847.

Although appraisal could promote a faster resolution of the matter, compelling appraisal at this time is inappropriate. Repairs are already underway at Plaintiffs' home, and the level of speculation necessary to complete the appraisal process runs the risk of prejudicing Plaintiff and outweighs the potential benefits of engaging in appraisal.

**3.    STIPULATED MOTION TO EXTEND PRETRIAL DEADLINES (ECF NO. 31)**

Lastly, the parties stipulate and request the Court extend certain pretrial discovery and motion deadlines, as additional time is needed to complete discovery and prepare expert reports. The Court finds good cause to grant the Motion.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Compel, ECF No. 21, and Motion for Reconsideration, ECF No. 34, are **GRANTED**.

a.    Within fourteen (14) days from the entry of this Order, Defendant shall serve upon Plaintiffs any and all documents responsive to Plaintiffs' requests for employee personnel files, claims department financial metrics, and the entirety of Plaintiffs' claim file.

2.    Defendant's Motion to Compel Appraisal, ECF No. 22, is **DENIED**.

3.    The parties' Stipulated Motion to Extend Pretrial Deadlines, ECF No. 31, is **GRANTED**.

**ORDER RE: MOTIONS TO COMPEL, MOTION TO EXTEND PRETRIAL DEADLINES, AND MOTION FOR RECONSIDERATION * 3**

a.      The deadline for Initial Expert Disclosures set for February 24, 2026, is **RESET** for **March 24, 2026**.

b.      The deadline for Rebuttal Expert Disclosures set for March 26, 2026, is **RESET** for **April 23, 2026**.

c.      The deadline to file *Daubert* Motions set for April 3, 2026, is **RESET** for **May 1, 2026**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and set case management deadlines accordingly.

**DATED** this 26th day of February 2026.

Stan Bastian
Chief United States District Judge

**ORDER RE: MOTIONS TO COMPEL, MOTION TO EXTEND PRETRIAL DEADLINES, AND MOTION FOR RECONSIDERATION * 4**