FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WENDY NELSON-LLOYD, and CHRISTOPHER LLOYD,

        Plaintiffs,

        v.

AUTO CLUB MAPFRE INSURANCE COMPANY,

        Defendant.

No. 2:25-CV-00188-SAB

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Defendant's Motion for Reconsideration, ECF No. 39. A hearing on the Motion was held on May 5, 2026, over videoconference. Plaintiffs were represented by Kathryn M. Knudsen. Defendant was represented by Rory W. Leid, III.

In 2024, a fire occurred at Plaintiffs' home. Plaintiffs had an insurance policy through Defendant. After the fire, the parties disagreed over the extent of the insurance policy coverage. Plaintiffs submitted an Insurance Fair Conduct Act notice on February 25, 2025, and filed this lawsuit against Defendant on May 5, 2025, making claims for breach of contract, bad faith, negligent claims handling, and Consumer Protection Act violations. The case was removed to this Court on June 3, 2025.

**ORDER DENYING MOTION FOR RECONSIDERATION * 1**

On January 14, 2026, Defendant filed a Motion to Compel Appraisal, requesting the Court compel Plaintiffs to engage in the appraisal process as outlined in the relevant insurance policy. Defendant initially requested Plaintiffs engage in the appraisal process on June 4, 2025, approximately one month after this lawsuit was filed and ten months after the fire.

On February 26, 2026, the Court denied Defendant's Motion to Compel Appraisal based on concerns over speculation, parallel proceedings, and prejudice to the Plaintiffs. Defendant now requests the Court reconsider its denial, asserting that the appraisal process would not delay resolution of the matter and would not prejudice Plaintiffs.

Motions for reconsideration are disfavored and are not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration should be granted when a district court: (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Kona*, 229 F.3d at 890.

Initiation of litigation does not bar an insurer from pursuing appraisal. *Keesling v. W. Fire Ins. Co.*, 10 Wash. App. 841, 848-50 (1974). In the context of appraisal provisions, there are two relevant factors in determining whether such clauses have been waived: (1) prejudice resulting from the delay, and (2) the breakdown of good-faith negotiations concerning the amount of loss. *Id*. Appraisal provisions are justified when they provide a simple, inexpensive, and speedy determination of the extent of the loss. *Id*. at 845.

The claims in this case involve much more than the extent of the loss or general policy coverage issues. Beyond disputes over policy coverage and costs of repair and remediation, Plaintiffs assert Defendant was negligent, acted in bad

**ORDER DENYING MOTION FOR RECONSIDERATION * 2**

faith, and violated the Consumer Protection Act. Appraisal at this stage is not justified or appropriate, as the appraisal procedure as outlined by Defendant cannot solve all the issues present in this matter. Further, considering the specific factual circumstances of this case, Defendant's Motion to Compel Appraisal came too late in the process.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendant's Motion for Reconsideration, ECF No. 39, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 5th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION * 3**