FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY NELSON-LLOYD, and CHRISTOPHER LLOYD,<br><br>        Plaintiffs,<br><br>        v.<br><br>AUTO CLUB MAPFRE INSURANCE COMPANY,<br><br>        Defendant. | No. 2:25-CV-00188-SAB<br><br>**ORDER DENYING MOTION TO CERTIFY APPEAL** |

Before the Court is Defendant's Motion to Certify Appeal, ECF No. 53. Plaintiffs are represented by Isaac Castaneda, Isaac Ruiz, and Kathryn M. Knudsen. Defendant is represented by Dylan R. Knapp, Rory W. Leid, III, and Kimberly E. Larsen Rider. The Motion was considered without oral argument.

On January 14, 2026, Defendant filed a Motion to Compel Appraisal, requesting the Court compel Plaintiffs to engage in the appraisal process as outlined in the relevant insurance policy. Defendant initially requested Plaintiffs engage in the appraisal process on June 4, 2025, approximately one month after this lawsuit was filed and ten months after the fire.

The Court denied the Motion to Compel on February 26, 2026, and Defendant filed a Motion for Reconsideration on March 20, 2026, which was denied on May 5, 2026. The Court denied Defendant's Motion as the claims in this

**ORDER DENYING MOTION TO CERTIFY APPEAL \* 1**

case involve much more than the extent of the loss or general policy coverage issues, which the appraisal process is equipped to deal with. The Court further reasoned that requiring appraisal at this time would risk prejudicing Plaintiffs, delay resolution, create parallel proceedings, and ultimately the request to compel came too late in the process.

Defendant now requests the Court certify its prior Order so it can file an interlocutory appeal of the decision pursuant to 28 U.S.C. § 1292(b). Plaintiffs did not file a response to the Motion.

Under 28 U.S.C. § 1292(b), a district court may certify an appeal of an order if the order (1) involves a controlling question of law, (2) there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). Such an appeal should only be granted when it would avoid protracted and expensive litigation. *Id*.

Regarding the first factor, a controlling question is one that resolution of could materially affect the outcome of litigation at the district court level. *Id*. The second factor is met where the controlling law is unclear, there are cases that directly conflict with the district court's application of relevant law, and/or such uncertainty provides a credible basis for difference of opinion on the issue. *Id*. at 1028.

**1. Controlling Question of Law**

Defendant asserts the question of law at issue here is whether an insured who files a lawsuit can deprive an insurer of its right to appraisal under the relevant insurance policy. Defendant argues this is a controlling question because its resolution will directly impact the outcome of the case – compelling appraisal will allow for resolution of the extent of damages and costs of repairs and remediation. However, the extent of damages is an issue that will be resolved through the normal course of litigation, regardless of whether the parties engage in the

**ORDER DENYING MOTION TO CERTIFY APPEAL * 2**

appraisal process. Defendant's desire to operate on its preferred timetable does not transform the issue at hand to a controlling question of law.

### 2. Substantial Ground for Difference of Opinion

Defendant asserts that other courts, in ruling on motions to compel appraisal, have arrived at different conclusions than this Court, and the relative timelines between loss, appraisal demands, and initiation of litigation in those cases are similar to the timeline in this matter, so this Court erred in its conclusion that Defendant's demand for appraisal was untimely. *See generally Keesling v. W. Fire Ins. Co of Fort Scott, Kansas*, 10 Wash. App. 841 (1974); *Stephens v. United Servs. Auto. Ass'n*, No. 2:20-CV-0097-TOR, 2020 WL 5845990 (E.D. Wash. June 4, 2020).

Here, Plaintiff asserts a disagreement arose regarding the amount of loss in February of 2025, approximately three months before the lawsuit was filed. While appraisal could help to resolve some of the issues in this case, the issue is whether the request for appraisal was timely. This Court, looking at the specific circumstances of this case, held that the appraisal was not timely. Although other courts may have arrived at different conclusions in other cases, this Court is not bound to arrive at the same conclusion when different circumstances exist. Accordingly, there are no substantial grounds for difference of opinion.

### 3. Whether Appeal May Materially Advance the Ultimate Termination of this Litigation

Defendant reasons that, if appraisal were to occur, the ultimate termination of litigation will be advanced as it will definitively establish the scope and cost of mitigation, repairs, additional living expenses, and personal contents damages that Plaintiffs allege they are owed. Defendant asserts this would shorten the time, effort, and expense at trial of establishing the scope and costs related to the fire loss at Plaintiffs' home. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).

**ORDER DENYING MOTION TO CERTIFY APPEAL * 3**

As discussed above, the issue of the extent of damages is an issue that will be resolved in the standard course of litigation. As there are other issues beyond the extent of damages, appraisal at this stage will not materially advance the ultimate termination of litigation.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Certify Appeal, ECF No. 53, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 6th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO CERTIFY APPEAL * 4**