FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY NELSON-LLOYD, and CHRISTOPHER LLOYD, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO CLUB MAPFRE INSURANCE COMPANY, <br><br> Defendant. | No. 2:25-CV-00188-SAB <br><br> **ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Partial Summary Judgment, ECF No. 57. Plaintiffs are represented by Isaac Castaneda and Isaac Ruiz. Defendant is represented by Dylan R. Knapp, Rory W. Leid, III, and Kimberly E. Larsen Rider. The Motion was considered without oral argument.

On August 7, 2024, a fire occurred at Plaintiffs' home. Plaintiffs had a home insurance policy through Defendant. Both parties hired third-party contractors to conduct inventories, investigate the extent of damage, and/or prepare invoices/estimates for repairs and remediation. The estimates provided by these third-party contractors varied significantly, and the parties were unable to come to a resolution regarding the value dispute.

Plaintiffs submitted an Insurance Fair Conduct Act notice on February 25,

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT * 1**

2025, and filed this lawsuit against Defendant on May 5, 2025, making claims for breach of contract, bad faith, negligent claims handling, Washington Consumer Protection Act (CPA) violations, and Washington Insurance Fair Conduct Act (IFCA) violations. The case was removed to this Court on June 3, 2025.

Defendant requests the Court dismiss Plaintiffs' bad faith and extracontractual claims. Defendant asserts this case involves disputes regarding the value of Plaintiff's insurance claim, and it has not denied any claims for coverage and its claims handling was reasonable.

Plaintiffs assert Defendant's conduct was unreasonable, that it failed to fully and fairly investigate Plaintiffs' claim, and Defendant denied the full extent of coverage Plaintiffs believe they are entitled to.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact.

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT * 2**

*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

To make a claim under IFCA, the insured must show that its' insurer engaged in an unreasonable act or acts that resulted in the unreasonable denial of the insured's claim, and any resulting damages must be caused by that denial. *Beasley v. GEICO Gen. Ins. Co.*, 23 Wash. App. 2d 641, 667 (2022). An IFCA claimant "must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wash.2d 669, 684 (2017). If either act is established, a claim exists under IFCA. *Id.*

To make a claim under the CPA, a plaintiff must establish: (1) an unfair or deceptive act or practice, (2) in the conduct of trade or commerce, (3) which impacts the public interest, (4) injury to the plaintiff in their business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stable, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). Even if incorrect, a reasonable denial of coverage by the insurer is not a CPA violation. *Villella v. Pub. Emp. Mut. Ins. Co.*, 106 Wash.2d 806, 820-21 (1986).

Insurance bad faith exists when an insurer acts in its own interest above that of the insured and fails to fully and fairly investigate the claim. *Beasley*, 23 Wash. App. at 667. Insurers have a duty to engage with insureds in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wash.2d 462, 470 (2003); Wash. Rev. Code § 48.01.030. To make a claim of bad faith, an insured must establish the same elements of a standard negligence claim: duty, breach, causation, and damages. *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 485 (2003). The insured must

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT * 3**

also show that the insurer's breach was unreasonable, frivolous, or unfounded. *Id*.

The claims at issue here turn on whether Defendant denied coverage and whether Defendant's conduct in investigating Plaintiffs' claim and overall handling of the claim was reasonable. There are factual disputes, including but not limited to, whether Defendant's conduct in its investigation and handling of Plaintiffs' claim was reasonable and in good faith, whether there was a denial of Plaintiffs' claim, whether the denial, if any, was reasonable, and the monetary value of Plaintiffs' loss. Accordingly, granting summary judgment at this stage is inappropriate.

The Court further notes that Defendant's request regarding attorneys' fees under *Olympic Steamship* is premature.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Partial Summary Judgment, ECF No. 57, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 20th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT * 4**